By the Court.
 

 This is a contest between two factions of the same church, over the possession and control of church property and over the character and procedure relating to religious worship in the church. These divisions are designated in the briefs as the old group and the new group, and this may be as convenient a designation as can be used here.
 

 The old group, the plaintiffs in error here, were the plaintiffs in the trial court as well, and the new group were the defendants in the trial court and are the defendants in error here. The old group originally formed an unincorporated association or-mission for religious worship. At the beginning their numbers were few and their financial resources not large. They owned no church property at that time, and for some time they were unable to employ and pay regularly a minister of their faith, but were obliged to be content with the services of a minister supplied and in part paid for by and through the synod of that faith. New1 members were admitted
 
 *173
 
 from time to time, and in this manner the association increased its financial strength so as to warrant the purchase of the necessary real estate and the erection thereon of the necessary church buildings. In the meantime the association was incorporated (not for profit), and a minister was regularly employed. The church property was purchased and the title taken in the corporate name, and the church was duly and regularly dedicated as a place of worship under the faith and along the lines that had to that time been practiced.
 

 Soon thereafter a dispute arose as to whether the church was then following the true forms of religious worship and procedure as originally adopted and followed by the members of the original association. The old group contended that the new members admitted had elected to change the forms of worship under which the church had been established, and had adopted and put in practice a different and strange faith and procedure objectionable and offensive to the old group. The new group insisted they had not offended along the lines charged. The minister employed supported .the plans and procedure adopted and promulgated by the new group. The breach widened, and some of the old group, finding the situation unsatisfactory and rapidly becoming intolerable, secured demits and left the church. At a later time some of these again returned to the church. Numerous attempts to effect a compromise and reconciliation were made, but without avail. Thereupon the old group brought an action in the court of common pleas to get possession and control of the church property. The petition contained two causes of action, the first a straight action at law in ejectment, alleging that the old group owned an interest in the real estate, describing it,
 
 *174
 
 and were entitled to immediate possession thereof. The second cause of action was one in equity, seeking to impose an implied trust upon the property for the use and benefit of the old group. The answer denied the allegations of the petition except as to the ownership of the property in question.
 

 Manifestly the plaintiffs, the old group, could not succeed in the first cause of action, the ejectment, until after the implied trust set up in the second cause of action had been adjudicated in their favor. The petition might quite as well have contained but a single cause of action, setting forth all the facts. The legal title and the possession as well were in the corporation. The trial court found the issue in favor of the old group on both causes of action, and judgment was entered accordingly. The case was carried to the Court of Appeals on appeal by the new group. The Court of Appeals found the issues in favor of the defendants, the new group, dismissing the petition so far as the ejectment cause of action was concerned, and finding that the alleged implied trust had not been sustained by the evidence, and judgment was entered accordingly.
 

 The plaintiffs in error here claim that the Court of Appeals should have remanded the case to the trial court for trial therein of the action in ejectment. We see no substantial merit in this position. The case was clearly appealable. The questions involved in the Court of Appeals were largely questions of fact. This court can see no ground upon which the judgment of the Court of Appeals may rightfully be reversed.
 

 Judgment affirmed.
 

 Marshall, C. J., Kinkade, Robinson, Jones, Matthias, Daí and Aleen, JJ., concur.